BLD-091                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4498
_____


IN RE:  JAY L. THOMAS,
                                                    Petitioner


_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-11-cv-03905)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 20, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: February 8, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

   Jay Thomas, proceeding pro se, has filed a petition for a writ of mandamus asking

this Court to direct the Clerk of the United States District Court for the District of New

Jersey to enter a default judgment in a civil action Thomas filed in that court.  For the

reasons that follow, we will deny the petition.

   Thomas filed a complaint in District Court against Northeastern University.  On

July 27, 2011, the District Court dismissed Thomas' complaint pursuant to 28 U.S.C.

§ 1915(e). Thomas appealed. While his appeal was pending, Thomas filed motions for leave to file an amended complaint and a motion for a default judgment. On December 15, 2011, the District Court dismissed Thomas' motions for lack of jurisdiction in light of his pending appeal. Thomas appealed the December 15, 2011, order. On January 10, 2012, this Court affirmed the District Court's July 27, 2011, order dismissing Thomas' original complaint. His appeal of the December 15, 2011, order is pending.

On December 20, 2011, Thomas filed in this Court a "Petition or Application for Writ of Madamus[sic] for Default Judgment 28 USC 1651" asking us to compel the Clerk of the District Court to enter a default judgment in his underlying action. The writ of mandamus traditionally "has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. (citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Thomas has not made such a showing. Thomas' appeal of the District Court order denying his motion for a default judgment is pending. Because Thomas has other adequate means to attain relief, a writ of mandamus is not available.

Accordingly, the petition for a writ of mandamus will be denied.